**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAHAD ABDI DINI,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.    19-70060

Agency No. A213-077-791

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2020[**]
Portland, Oregon

Before:  BERZON and COLLINS, Circuit Judges, and CHOE-GROVES,[***] Judge.

    Mahad Dini, a native and citizen of Somalia, seeks review of the Board of

Immigration Appeals's order affirming the denial of his applications for asylum

and withholding of removal. Dini argues that the agency's adverse credibility

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

determination is not supported by substantial evidence. We deny the petition.

Credibility determinations based on an applicant's demeanor are entitled to "special deference." *Singh-Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir. 1999) (citation and quotation marks omitted). Here, the Immigration Judge found Dini's testimony not credible principally on the basis of his demeanor during cross-examination. The Immigration Judge observed that Dini appeared "defensive," that he was "visibly angered by some of the questions asked of him," and that the volume of his voice dramatically increased in response to some questions that appeared to offend him. Although "most witnesses are uncomfortable and nervous when being cross-examined," courts must defer to an Immigration Judge's "ability to differentiate between the usual level of anxiety and [an applicant's] behavior." *Id.*

At least some of the additional bases for the agency's credibility determination find support in the record. It was not clear error, for example, for the Immigration Judge to find suspicious that two of the purportedly Somalian government-issued documents Dini submitted were dated erroneously to reflect the date of Dini's auto accident, rather than the date on which they must have been prepared. Given the demeanor-based findings, the agency's adverse credibility determination was supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**